ALMERICO v. LOUIS A. BILLA & CO. ET AL.

(December 15, 1930. Opinion and Decree.)
(January 5, 1931. Rehearing Refused.)
(March 3, 1931. Writs of Certiorari and Review Refused by Supreme Court.)

Upton & Barringer, of New Orleans, attorneys for plaintiff, appellant.

Theo. Cotonio, of New Orleans, attorney for defendants, appellees.

See also 131 So. 620.

HIGGINS, J. This is a suit by a landlord for the sum of $270, representing three rent notes, each for the sum of $90, for the months of July, August, and September, 1929, against the commercial co-partnership of Louis A. Billa & Co., composed of Joseph D. Pascal and Louis A. Billa, and against the individual members in solido. The partnership and Louis A. Billa did not contest the case, and, as far as they are concerned, judgment went by default. The other defendant, Joseph D. Pascal, denied that he was a member of the partnership, and therefore contends that he is not liable. On the trial of the case there was judgment as prayed for against the partnership and Louis A. Billa, but dismissing the suit against defendant Pascal. Plaintiff has appealed.

The transcript was lodged in this court on April 17, 1930. On the day on which the matter was called for argument here, counsel for appellee filed motions to dismiss the appeal on various grounds, i. e., that the order of appeal was granted too late, that no citation of appeal was served on appellee, and that the transcript was not timely lodged in this court. After consideration of this motion to dismiss the appeal, we overruled it in an opinion and decree rendered on December 11, 1930, 131 So. 620. The matter had been previously

set down for argument on the merits on that day, contingent upon our action on the motion to dismiss the appeal, and, immediately upon the issuance of the decree overruling the motion to dismiss, counsel for appellee filed a motion to remand, basing this motion on the charge that the testimony as contained in the transcript was different from that adduced on the trial below. This contention results from the charge that the stenographer who reported and transcribed the testimony had made many errors and had failed to faithfully report the evidence as given by the witnesses.

We are of the opinion that, if the transcript, as lodged with us, was in fact defective and incorrect in so many particulars as counsel in his oral argument has suggested, he would have, at a date much sooner than that fixed for the argument of the case, made an effort either to have the case remanded for the retaking of the testimony, or to have the transcript corrected by the issuance of a writ of certiorari. His failure to do so at least raises the presumption that the errors, if any, are not so numerous and not so important as counsel seems to believe. Furthermore, counsel for appellant vehemently disputes the charge of counsel for appellee that the record is erroneous in important details. In view of this dispute between counsel as to whether the transcript, as it is now before us, is correct or incorrect, we were most careful in reading the testimony of the various witnesses, and have come to the conclusion that, although it is possible that there may be slight inconsistencies, which may be chargeable to the incompetence of the stenographer, who reported and transcribed the testimony, in the main the evidence is fairly well connected and does not on its face show that it is incorrect, or that there are errors in transcription.

This is particularly true with reference to the issue of whether or not Pascal was a member of the partnership, because, in the course of the testimony of Louis Billa, Alcide Campo, and Joseph D. Pascal, it is time and again stated that Joseph Pascal was a member of the partnership. We do not believe, therefore, that the motion to remand the case for the retaking of the testimony should be sustained.

On consideration of the merits we have come to the conclusion that the evidence abundantly supports the charge of plaintiff that Joseph Pascal was a member of the partnership and held himself out as such. In fact, counsel for Joseph Pascal, in support of his contention that the case should be remanded for the correction of the transcript, stated that the record, as made up and as now before us, left us no alternative other than to render judgment against his client. In view of the fact that we are of the opinion that the record as made up is correct, the judgment in favor of Pascal should be reversed and judgment rendered against him.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, amended in so far as it runs in favor of Joseph D. Pascal and against plaintiff, and that there now be judgment in favor of plaintiff, Pascal Almerico, and against defendants, Joseph D. Pascal, Louis A. Billa, and Louis A. Billa & Co., jointly, severally, and in solido, in the full sum of $270, with legal interest from judicial demand, and for attorney's fees at 10 per cent on the total amount, and for all costs, less a credit of $90, the said credit to be deducted after computation of the attorney's fees and interest.